# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00315-CV

**Cindy Schlapper, Appellant**

**v.**

**Rand Forest, Buck Childers, Robert Stewart Leonard, Dorothy Stewart Uzell,**
**Betty Stewart Hanson, Mike Keuhl, Flagship Marine Corporation,**
**Shoreline Development, and Harbor Ventures, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-05-000033, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

# M E M O R A N D U M   O P I N I O N

On December 14, 2006, this Court granted Appellant Cindy Schlapper's motion to abate the instant appeal for 30 days until January 16, 2007, to allow her to obtain a final appealable judgment from the trial court. Upon further review, the record in this case reflects that the trial court issued an "Interlocutory Partial Judgment" on March 7, 2006, disposing of all claims in appellant's sixth amended petition,[1] as well as all claims in appellee Harbor Ventures, Inc.'s plea in intervention "save and except only Harbor Venture's request for declaratory judgment as to the exact location and activities permitted by the egress/ingress easement held by [appellant], Cindy Schlapper." On March 22, 2006, the trial court granted appellees' motion to sever and severed all claims asserted

---

[1] In its Interlocutory Partial Judgment, the trial court struck appellant's seventh amended petition as untimely, and the case proceeded to trial on the appellant's sixth amended petition.

by appellant and all title claims asserted by Harbor Ventures from the declaratory judgment and related injunctive relief sought by Harbor Ventures. The trial court's order of severance made the Interlocutory Partial Judgment of March 7, 2006, final and appealable.

Appellant filed a motion to modify the trial court's Interlocutory Partial Judgment on April 5, 2006, which was denied by the trial court on April 25, 2006. Appellant filed a timely notice of appeal and an affidavit of inability to pay costs on June 5, 2006. The trial court found that appellant was not indigent, and appellant notified this Court in writing on September 13, 2006, that she was still trying to make arrangements to pay for the reporter's record.

After reinstating this appeal on April 18, 2007, the clerk of this Court notified appellant that her brief was due on or before May 18, 2007. On April 20, 2007, the clerk of this Court also notified appellant that the reporter's record was overdue, and unless payment arrangements were made on or before April 30, 2007, the Court would consider this appeal without the reporter's record.

Instead of complying with this Court's directives to make arrangements for payment of the reporter's record and file her brief, on May 29, 2007, appellant filed a "Verified Motion Request to Transfer Reporter's Record." Because appellant has failed to comply with these directives, we deny appellant's motion and dismiss this appeal pursuant to Texas Rule of Appellate Procedure 42.3(b) and (c).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed

Filed:   June 21, 2007